Maurice W. McCann, J.
This court on the 31st day of May, 1963 rendered its decision affirming a conviction of the above-named defendant on the 17th day of January, 1963, by the Honorable Clay White, Justice of the Peace of the Town of Milo, Yates County, of a violation of section 1180 (subd. [b], par. 2) of the Vehicle and Traffic Law, commonly known as speeding.
At the time of the lodging of the speeding charge the defendant was also charged with operating a motor vehicle without a license in violation of subdivision 4 of section 501 of the Vehicle and Traffic Law. Upon defendant’s arraignment on this charge on December 14,1962, according to the Justice’s docket, he pleaded not guilty and the case was adjourned to January 17, 1963.
The appeal on the speeding charge was noticed for a Special Term of this court to be held March 4, 1963. Thereafter and prior to that date, I was assigned by the Administrative Judge of the Seventh Judicial District to the trial of eases in the Monroe County Court and requested that memorandums of law be submitted by both sides and a decision would be rendered following receipt thereof. The defendant’s memorandum was received on March 1, 1963.
On June 1, 1963 I was required to submit to the Appellate Division, Fourth Department, the number of cases which I then had that were undecided. Accordingly the above-mentioned decision was made and filed on May 31, 1963 prior to the receipt of a memorandum of law from the District Attorney’s office. *1071 Thereafter I received from the attorney for the defendant a letter advising’ that on March 1, 1963 he had received a letter from the Assistant District Attorney advising him that the misdemeanor charge (driving without an operator’s license) had been dismissed on the grounds that the identification of the defendant, Quinzi, on the record in the speeding trial did not establish the identification beyond a reasonable doubt. The case was closed.
Thereafter the defendant’s attorney petitioned to reopen the appeal alleging in his moving papers the above facts among other thing’s. The reargument was heard by this court on the 24th day of July, 1963.
This court now has before it a certified copy of the Justice’s docket in connection with the charge of defendant violating subdivision 4 of section 501 of the Vehicle and Traffic Law. It contains the following notation:
“ 3-07-1963. Adjudged that the defendant be found NOT
‘ ‘ Dismissed the defendant. AT Request of Asst. District Atty. Fred Dugan for insufficient identification. Fine was NOT paid.
Clay P. White Justice of the Peace.”
These facts present the unique and interesting question of how a person can be convicted'of speeding if he cannot be proven to have operated the vehicle in which he is accused of speeding?
This court feels that if the People say that there is not sufficient proof to identify this defendant as the operator of the vehicle in which he is alleged to have been speeding then he has not been proven guilty beyond a reasonable doubt of the crime of speeding. Accordingly the decision of this court dated May 31, 1963 affirming the conviction of the defendant is hereby vacated and set aside the defendant’s conviction of January 17, 1963 is reversed and the fine remitted.